**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| MISTY EKEBERG, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:08-CV-0195-RWS |
| DONNIE SHOOK-BROWN and | : | |
| STANLEY RICHARDSON, | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

This case is before the Court for consideration of Plaintiff's First Motion for Attorneys' Fees [57]. After reviewing the record, the Court enters the following Order.

### **I. Background**

On September 24, 2008, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging she was denied underwear and reading materials and was strip searched in the Towns County Jail. She also alleged that Defendant Richardson fondled her. After the Defendants filed Answers, the parties proceeded with discovery.

On March 17, 2009, Defendants made an offer of judgment pursuant to Federal Rule of Civil Procedure 68 for $10,500. The Offer of Judgment reads as follows:

> COMES NOW the DEFENDANTS, and, pursuant to Rule 68 of the Federal Rules of Civil Procedure, hereby offer to allow judgment to be taken by Plaintiff in the amount of $10,500.00 to discharge all claims against all Defendants. This offer is in compromise of strongly disputed and doubtful claims.

(Notice of Filing [50] at 3.)

On April 3, 2009, Plaintiff accepted the Offer of Judgment as follows:

> PLAINTIFF accepts the Rule 68 Offer of Judgment submitted by the Defendants to the Plaintiff. Attached hereto is a true and correct copy of the Rule 68 Offer of Judgment. The Offer, as made by Defendants, is not inclusive of costs or attorney fees and Plaintiff will submit a preliminary motion for attorney fees pursuant to Local Rule following entry of judgment by the Clerk.

(Id. at 2.)

## II. Discussion

### A. Attorneys' Fees

On April 20, 2009, Plaintiff filed a Motion for Attorneys' Fees and Expenses [57]. In the Motion, Plaintiff stated that she sought "attorneys fees of approximately $41,000.00, paralegal time of approximately $2,900.00 and

2

expenses of approximately $3,450.00." (Id. at 1.) Plaintiff also stated she would file and serve a detailed specification of the requested award. (Id.) On May 8, 2009, Plaintiff filed a Brief in Support of her Motion [62] and supporting affidavits [63-66]. Defendants filed Responses to the Brief [68 & 69] challenging the recovery of any fees or costs incurred after the date of the Offer of Judgment and the recovery of any fees for work performed attempting to collect fees. Defendants also challenge the number of hours, rates, and expenses sought by Plaintiff. Thereafter, Plaintiff filed a Reply [70] with additional supporting affidavits [71-73] and additional evidence [74]. Defendants filed a Notice of Objection to the Evidentiary Materials[1] [75]. Plaintiff filed a Response [76] to the Notice of Objections.

---

[1]For the most part, Defendants objections go to matters submitted by Plaintiff that have no bearing on the Court's ruling herein; e.g., communications between counsel regarding the fee issue and evidence regarding the conduct of Defendant Richardson. However, the Court did consider documentation of expenses submitted with the Reply. These expenses were enumerated by counsel in his first affidavit [63-2]. In their Response [68], Defendants essentially challenged Plaintiff's lack of documentation of these expenses not whether the expenses were actually incurred. The exhibits attached to the second affidavit did not alter any of the facts contained in the first affidavit, but merely provided the documentation that Defendants claimed was lacking. The Court has considered these exhibits, and to the extent leave is required for such consideration, said leave is granted. Therefore, Defendants' Objections are **OVERRULED**.

3

At the time Defendants made their Offer of Judgment, Federal Rule of Civil Procedure 68[2] provided:

> **(a) Making an Offer; Judgment on an Accepted Offer.** More than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 10 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a). "Rule 68 allows a defendant to make a firm, non-negotiable offer of judgment. Unlike traditional settlement negotiations, in which a plaintiff may seek clarification or make a counteroffer, a plaintiff faced with a Rule 68 offer may only accept or refuse." Utility Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 298 F. 3d 1238, 1240 (11th Cir. 2002). "The sole constraint Rule 68 places on offers of judgment is its mandate that an offer include 'costs then accrued.'" Id. at 1241. "[I]f the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount

---

[2]Effective December 1, 2009, the Rule was amended to require that the offer be served "[a]t least 14 days before trial begins" and to provide that the party served with the offer could accept "within 14 days after being served."

4

which is in its discretion."³ Id. (quoting Marek v. Estate of Chesny, 473 U.S. 1, 5, 105 S. Ct. 3012, 87 L. Ed. 2d 1 (1985)). Attorneys' fees are recoverable as part of Rule 68 costs if the "relevant substantive statute or other authority defines costs to include attorney's fees." Id. at 1244. Because attorneys' fees are included as part of the costs in a Section 1983 action, Plaintiff is entitled to recover attorneys' fees as part of the Rule 68 costs in the present action.

Defendants challenge Plaintiff's right to recover fees incurred after the date of the Offer of Judgment. A review of the authorities cited by the parties establishes that when an offer of judgment addresses the issue of costs and is accepted by the plaintiff, the Offer of Judgment governs what costs may be recovered. See Sussman v. Patterson, 108 F.3d 1206, 1210-11 (10th Cir. 1997) (offer of judgment provided for "costs of suit to date and attorneys' fees to date" and acceptance of offer provided plaintiffs would "receive $3,500 for their attorneys fees, exclusive of costs," for the period from the date of the offer to the date of acceptance. The court held that plaintiff was entitled to reasonable fees up to date of offer plus $3,500 as stated in the acceptance);

---

³Defendants acknowledge that costs are due to be awarded "by operation of law" since the offer of judgment made no mention of costs. (Def.'s Br. [68] at 3.)

5

Guerrero v. Cummings, 70 F.3d 1111, 1113-14 (9th Cir. 1995) (offer of judgment provided for costs "incurred by this plaintiff prior to the date of this offer in amount to be set by the court," and court held costs were cut off at time of offer); Jordan v. Equifax Information Svcs., LLC, 549 F.Supp 2d 1372, 1377 (N.D. Ga. 2008) (offer of judgment provided for costs "accrued to the date hereof and plaintiff's reasonable attorney's fees, through the date of this offer," and court awarded costs only through the date of the offer); Said v. Va. Commonwealth Univ., 130 F.R.D. 60, 64 (E.D. Va. 1990) (offer of judgment was for $5,000 "with costs accrued to this date," and court limited costs to those that had accrued through the date of the offer).

However, in cases such as the present case, where the Offer of Judgment fails to mention costs, conflicting authority exists. In Grissom v. The Mills Corp., 549 F.3d 313, 319-20 (4th Cir. 2008) the court held that an offer of judgment that reserved attorney's fees and costs for determination by the court only authorized attorney's fees through the date of the offer of judgment. However, in Lasswell v. Johnston City, 436 F. Supp 2d 974, 981 (S.D. Ill. 2006), the court held that an offer of judgment including "costs accrued to date" allowed recovery of fees between the date of the offer and the date of

6

acceptance. See also Whitcher v. Town of Matthews, 136 F.R.D. 582, 584 (W.D. N.C. 1991)(court awarded costs through date of acceptance of offer of judgment that provided for payment of "costs (including attorney's fees) then accrued"); Guerrrero, 70 F.3d at 1114 (though the court cut off fees at time of offer based on language of offer, court noted "there are no reasons of policy that preclude the cutting off of fees and costs at the point a Rule 68 offer is made and accepted")(emphasis added).

No Eleventh Circuit authority has been cited that directly answers the question of when costs cease to accrue when a Rule 68 offer is accepted, the decision by the Eleventh Circuit Court of Appeals in Utility Automation 2000 offers some direction. "Rule 68 requires that the responsibility of clarity and precision in the offer must reside with the offeror. . . . [A]ny ambiguity in the terms of an offer must be resolved against its drafter." Utility Automation 2000, 298 F.3d at 1244. The Court also stated that when an offer of judgment does not include language about costs, "the court will include in its judgment an additional amount which is in its discretion." Id. at 1241.

The particular circumstances of the present case cause the Court to conclude that attorneys' fees should not be cut off on March 17, the date of the

7

Offer, but rather should be allowed through the date of Acceptance. First, the Offer was mailed to Plaintiff's counsel on March 17, not personally served. The following day, depositions that had previously been scheduled proceeded. Defense counsel did not mention the Offer to Plaintiff's counsel at the depositions. Thus, over $2,000 of Plaintiff's fee request was generated on the day following the date of the Offer while Plaintiff's counsel was unaware that an Offer of Judgment existed. At the time the Offer was made, discovery was scheduled to expire April 6, 2009. On March 31, 2009, the parties submitted a joint Motion for Extension of Discovery [47]. Thus, both parties were proceeding as if the case were going forward. The Court granted the motion, entering an Order [49] on April 2, 2009 extending discovery through June 5, 2009. Finally, because the Offer did not address costs, Plaintiff's counsel was required to research the issue of costs and attempted to negotiate this issue with Defendants resulting in additional hours between the Offer and Acceptance. To be sure, a defendant has the ability to cut off costs on the date of the offer. However, when a defendant chooses not to unambiguously cut off costs in the offer and fosters the accrual of additional costs, the plaintiff should not bear those additional costs. Having created an ambiguity by failing to address costs,

8

the ambiguity will be construed against Defendants, and the Court will exercise its discretion by awarding costs to Plaintiff through the date of the Acceptance.

Having determined that Plaintiff is entitled to recover reasonable costs through the Acceptance of the Offer, the Court turns to the question of whether Plaintiff may recover fees for time attributed to the recovery of fees ("fees on fees"). As an initial matter, the ambiguity of the Offer is not such as would contemplate the inclusion of fees on fees. Rule 68 requires the inclusion of "costs then accrued," unless the offer clearly specifies otherwise. Utility Automation 2000, 298 F.3d at 1241. It would be unreasonable to construe this language to extend costs beyond the acceptance of the offer.

The Court recognizes that "forcing Plaintiffs to litigate the reasonableness of fees, yet depriving them of fees on fees, dilutes the attorneys' fees paid for work done on the underlying case." Guerrero, 70 F.3d at 1113. However, allowing recovery of fees on fees would be inconsistent with the purpose of Rule 68. Underlying Rule 68 is the understanding that a plaintiff "knows, or can ascertain, the costs then accrued" and can make a "reasonable determination whether to accept the offer." Marek, 473 U.S. at 7. The defendants' knowledge of the costs likely to have accrued at the time of the

9

offer is no less important. The ability of the parties to rely upon those costs being cut off is essential to the "plain purpose of Rule 68" which is "to encourage settlement and avoid litigation." Id. at 5. In spite of the difficult decision plaintiffs may face, the Supreme Court has endorsed the cessation of costs as part of the Rule 68 offer of judgment process.

> Merely subjecting civil rights plaintiffs to the settlement provision of Rule 68 does not curtail their access to the courts, or significantly deter them from bringing suit. Application of Rule 68 will serve as a disincentive for the plaintiff's attorney to continue litigation after the defendant makes a settlement offer.
> . . . To be sure, application of Rule 68 will require plaintiffs to 'think very hard' about whether continued litigation is worthwhile; that is precisely what Rule 68 contemplates. This effect of Rule 68, however, is no sense inconsistent with the congressional policies underlying Section 1983 and Section 1988.

Id., 473 U.S. at 10-11. The Court concludes that fees on fees are not appropriate when an offer of judgment is accepted by a plaintiff.[4]

Based on the foregoing, the Court concludes that Plaintiff is entitled to recover costs, including reasonable attorneys' fees through the date of Acceptance of the Offer. In calculating the amount of a reasonable fee the most

---

[4]Other avenues of recovery are available should a defendant unnecessarily increase a plaintiff's costs through frivolous objections, including sanctions pursuant to Rule 11.

10

useful starting point is the lodestar calculation, the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. At 1299. A court is "itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment." Id. at 1303. "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" ACLU of Ga. v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999) (citing Cullens v. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994)).

The parties have submitted competing affidavits concerning the appropriate hourly rate. Having considered the submissions and taking into account the Court's own experience, the Court finds that $300 per hour is an

11

appropriate hourly rate for Mr. Spears' work and $95 per hour is appropriate for Ms. Knight.[5]

Defendants challenge the number of hours charged by Plaintiff's counsel. Defendants primarily object to hours attributed to the fee petition. The Court has decided that those fees are not recoverable as a matter of law. In addition, Defendants specifically challenge the time spent by Plaintiff's counsel on the "Jane Doe" complaint. (Def.'s Br. [68] at 21-22.) The Court finds that this work is compensable. Defendants also challenge the number of hours charged for researching the Rule 68 offer. The bulk of the challenged time occurred after the Acceptance and, consistent with the Courts ruling *supra*, will not be compensated. The limited research charged prior to acceptance of the Offer is reasonable and will be compensated.[6] The Court finds that Mr. Spears should be compensated for 106.22 hours, and Ms. Knight for 28.52 hours. These calculations result in an award of $31,866 for Mr. Spears' hours and $2,709.40

---

[5]Defendants did not challenge the $95 per hour rate charged by Ms. Knight.

[6]Defendants attribute 4.95 hours of Mr. Spears' pre-Acceptance time to Rule 68 research. Plaintiff does not concede that this calculation is correct. However, even accepting Defendants' calculation, the Court finds the time expended is reasonable.

12

for Ms. Knight's. The Court finds that no adjustment of the lodestar amount is required.

**B. Expenses**

Defendants challenge the verification and documentation of the expenses Plaintiff seeks to recover as costs. Plaintiff submitted documentation with the Reply Brief [71-4] supporting the expenses. Plaintiff concedes that the statement of expenses twice included $4.50 for a records fee paid to the City of Helen and included a $1,200 retainer fee for Mr. Weber that was included in Mr. Weber's attorney fee request. After excluding these amounts, the Court finds that Plaintiff is entitled to recover $3,457.60 as expenses.

### III. Conclusion

Based on the foregoing, Plaintiff's First Motion for Attorneys' Fees [57] is **GRANTED**, and Plaintiff is awarded costs against Defendants in the sum of $38,033.00.

**SO ORDERED**, this __14th__ day of April, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

13